IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES CRUSE, § | |
| TDCJ-CID NO.1423266, § | |
|     Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-12-0256 |
| § | |
| RICHARD MORRIS, et al. § | |
|     Defendants. § | |

MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He has also filed a motion to amend his complaint, which the Court GRANTS. (Docket Entry No.6). For the reasons to follow, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

Plaintiff alleges that on November 8, 2011, he and other inmates were not allowed to use the restroom during their law library session because of an incident that was not witnessed by any officer in the law library. (Docket Entry No.1, page 5). Plaintiff was informed by Major Bradley K. Hutchinson that if he or other inmates chose to use the restroom while in the law library, their law library session on that day would be terminated. (Id.). Plaintiff claims that Warden Richard Morris, Assistant Warden John Werner, Assistant Warden Richard Gunnels, and Major Bradley Hutchinson deprived him of his basic human needs by not allowing him to use the restroom and then return to the law library.

(Docket Entry No.6, page 2). Plaintiff claims that by this action, defendants have violated his First Amendment right to free exercise, the Eighth Amendment's prohibition against cruel and unusual punishment, and his Fourteenth Amendment rights to due process and equal protection. (Docket Entry No.5). He seeks compensatory damages, declaratory relief, and a preliminary and permanent injunction ordering defendants to restore his restroom rights. (Id.).

## II. DISCUSSION

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the district court may scrutinize the basis of his complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is

based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

### A. Compensatory Damages

Plaintiff does not allege that he has suffered a physical injury that would entitle him to compensatory damages as required by 42 U.S.C. § 1997e(e). See Hutchins v. McDaniels, 512 F.3d 193, 196 (5th Cir. 2007) (noting that failure to allege any physical injury precludes recovery of compensatory damages for emotional or mental injuries suffered). Therefore, plaintiff's request for compensatory damages is DENIED.

### B. Equitable Relief

To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. Planned Parenthood of Houston & Southeast

Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005). For a permanent injunction to issue the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. Dresser-Rand Co. v. Virtual Automation Inc., 361 F.3d 831, 847-48 (5th Cir. 2004). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." PCI Transportation Inc. v. Fort Worth & Western Railroad Co., 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted).

Plaintiff's request for injunctive relief fails for the following reasons:

Plaintiff states no facts to show that prison officials violated his right to exercise his religious beliefs by limiting his restroom privileges during a law library session that would give rise to a First Amendment "free exercise" claim. See Cantwell v. Connecticut, 310 U.S. 296, 303 (1940) (noting that the First Amendment prohibits the government from making a law prohibiting the free exercise of religion and that such amendment is made applicable to the states through the Fourteenth Amendment).

4

Plaintiff has not alleged facts establishing that the Ellis I Units' law library restroom policy constitutes a health threat that gives rise to an Eighth Amendment claim. Plaintiff does not indicate that he has a specific health need that would require him to have immediate access to a restroom. Moreover, he has not asserted that defendants knew that he faced a substantial risk of harm with respect to that health need and disregarded the risk of that harm. See Farmer v. Brennan, 511 U.S. 825, 834, 847 (1994) (plaintiff must show that he is incarcerated under conditions "posing a substantial risk of serious harm" and that prison official's state of mind is one of "deliberate indifference" to the inmate's health or safety).

Likewise, plaintiff has not alleged any specific instance when his ability to pursue his legal claims was hindered as a result of the restroom policy of the Ellis I Unit law library. Therefore, he fails to show that he has been denied access to the courts. See Lewis v. Casey, 518 U.S. 343 (1977) (actual harm must be shown to establish a violation of the right to access to court).

Plaintiff further fails to allege facts that would demonstrate that defendants intentionally discriminated against him by their application of such policy in violation of the Equal Protection Clause of the Fourteenth Amendment. See Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988) (stating that an official acts with discriminatory purpose if he singles out a particular group for

disparate treatment and selects his course of action at least in part for the purpose of cause its adverse effect on an identifiable group).

Finally, plaintiff states no facts that would give rise to a due process of law claim. Even if the restroom policy violated prison regulations, this non-compliance would not constitute a denial of federal due process. "[A] prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process," if constitutional minima are met. See Stanley v. Foster, 464 F.3d 565, 569 (5th Cir. 2006) (quoting Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). Plaintiff has not alleged any instances where constitutional minima were not met.

Plaintiff, therefore, fails to meet his first burden to show that he would likely prevail on his claims. Accordingly, plaintiff is not entitled to declaratory or injunctive relief.

### III. CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1.  Plaintiff's motion for leave to amend his complaint (Docket Entry No.6) is GRANTED.

2.  Plaintiff's motion to appoint counsel (Docket Entry No.12) is DENIED. This case does not present exceptional circumstances that would warrant the appointment of counsel. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982) (per curiam).

3.  Plaintiff's Motion to Court Order Defendants to Respond (Docket Entry No.11) is DENIED. Defendants

6

      have not been served with process.

4. Plaintiff's civil rights complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

5. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to plaintiff and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, on June 26, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE